Rita C. ROSS and Bob D.
Ross, Appellees,

v.

Clayton Warren BREWER, Defendant,

and

A & M Transportation Company, Inc.,
d/b/a Akin Trucking Company,
Appellant.

No. 72497.

Court of Appeals of Oklahoma,
Division 3.

Jan. 22, 1991.

Lloyd E. Cole, Jr., Stilwell, for appellant.

J. Dewayne Littlejohn, Stilwell, for appellees.

## OPINION

GARRETT, Presiding Judge:

Rita C. Ross and Bob D. Ross (Appellees) filed an action for personal injuries in the Circuit Court of Benton County, Arkansas, in 1984. The injuries resulted from an automobile accident which occurred in 1981. One of the named defendants was A & M Transportation Co., Inc., d/b/a Akin Trucking Company. An answer was filed on behalf of A & M Transportation Co., Inc., d/b/a Akin Trucking Company. In 1986, the Arkansas court entered default judgment for the plaintiffs (Appellees) against the defendants, including A & M Transportation Co., Inc., d/b/a Akin Trucking Company.

Appellees now seek to enforce the Arkansas judgment in Oklahoma against A & M Transportation Company, Inc. (Appellant). The only issue in this appeal is whether the Arkansas judgment is entitled to full faith and credit in Oklahoma; and, should it be recognized and enforced against Appellant in the Oklahoma courts. The trial court answered in the affirmative, and we agree.

Its Certificate of Incorporation shows the correct name of the Appellant corporation to be "A & M Transportation, Inc." However, no issue relating to identity is presented.

Some history is helpful. In 1981, when the accident occurred, Mr. and Mrs. Akin did business under the firm name of Akin Trucking or Akin Trucking Company. The business was not incorporated. They carried liability insurance with Early American Insurance Company (apparently an Alabama company). The policy was in force when the accident occurred.

In 1983, the trucking business was incorporated in Oklahoma. The A & M in the name stands for Akin and Meredith. Mr. Meredith is the Akins' son-in-law. The corporation was created at a time after the automobile accident occurred and prior to the time the Arkansas damage suit was filed.

When the action was filed in Arkansas, process was served by mail on Appellant. The insurance company was notified. Apparently, the insurance company arranged for attorneys to represent the defendants, including Appellant. An Answer was filed. Appellant's brief asserts the Answer was filed on behalf of Akin Trucking Company and that the Appellant corporation did not appear or answer. Appellee's brief states that the answer was filed by A & M Transportation Company, Inc., d/b/a Akin Trucking Company, and made no allegations in regard to non-existence of the defendant corporation at the time of the accident. The appellate record being considered does not contain a copy of that pleading. However, a copy of the Arkansas court's judgment is in the record and it contains a finding that the Defendants, including A & M Transportation Co., Inc., d/b/a Akin Trucking Company, were served with process as required by law, that each defendant had answered, and the court had jurisdiction of the parties and the subject matter.

After the answers were filed in Arkansas, a problem came into existence. The insurance company was declared insolvent in an Alabama court. The attorneys hired by the insurance company asked for and obtained permission to withdraw because they had not been paid; and, they did withdraw from the case. Appellant did not appear or defend further in the Arkansas court. Judgment by default, as above set forth, was entered. We do not know what the Arkansas court records show with reference to notice.

Appellees state in their brief that after this proceeding was commenced in Oklahoma, but before any hearing was held in Adair County, the Appellant filed a motion in the Arkansas court to set aside the judgment, which motion was denied. The record before this court in this appeal is insufficient to permit this to be considered further.

For reversal, Appellant contends the Arkansas judgment should not be recognized or enforced because it did not exist de facto or de jure in 1981 when the accident occurred; and, "In personam jurisdiction was never obtained upon A & M" by the Circuit Court of Benton County, Arkansas.

The Uniform Foreign Money Judgments Recognition Act appears as 12 O.S.1981 §§ 710–718. Section 711 [§ 2 of the original act] is as follows:

This act applies to any foreign judgment that is final and conclusive and enforceable where rendered even though an appeal therefrom is pending or it is subject to appeal.

Section 712 [§ 3 of the original act] provides:

Except as provided in Section 4, a foreign judgment meeting the requirements of Section 2 is conclusive between the parties to the extent that it grants or denies recovery of a sum of money. The for-

eign judgment is enforceable in the same manner as the judgment of a sister state which is entitled to full faith and credit. Section 713 [§ 4 of the original act] sets forth the grounds for nonrecognition of a foreign judgment as follows:

(a) A foreign judgment is not conclusive if

(1) the judgment was rendered under a system which does not provide impartial tribunals or procedures compatible with the requirements of due process of law;

(2) the foreign court did not have personal jurisdiction over the defendant;  or

(3) the foreign court did not have jurisdiction over the subject matter.

(b) A foreign judgment need not be recognized if

(1) the defendant in the proceedings in the foreign court did not receive notice of the proceedings in sufficient time to enable him to defend;

(2) the judgment was obtained by fraud;

(3) the cause of action on which the judgment is based is repugnant to the public policy of this state;

(4) the judgment conflicts with another final and conclusive judgment;

(5) the proceeding in the foreign court was contrary to an agreement between the parties under which the dispute in question was to be settled otherwise than by proceedings in that court;  or

(6) in the case of jurisdiction based only on personal service, the foreign court was a seriously inconvenient forum for the trial of the action.

Appellant's contentions for reversal may be stated as follows: (1) the Appellant corporation did not exist at the time of the motor vehicle accident involved, and, therefore, cannot be liable to the Appellees; and, (2) the Arkansas Court never acquired in personam jurisdiction over Appellant.

■ Appellant's first argument is not persuasive. The Appellant corporation did exist at the time the action was filed. It was sued. Process was duly served by mail. It appeared and answered. The fact that it did not exist at the time of the accident was a matter of defense to be litigated in that action. The failure to appear and defend does not affect the validity of the judgment. The withdrawal of the Appellant's attorneys, and alleged lack of notice thereof, may be a ground for vacation of the judgment in the Arkansas Court but not, after entry of judgment, in Oklahoma where full faith and credit is the decisive issue, unless lack of notice and a denial of due process is clearly established.

■ Unless Appellant shows the Oklahoma Court that it was denied due process, we must give full faith and credit to the judgment. The Appellant record being considered does not establish a lack of due process. If the record establishes anything about due process, it is that it was afforded to Appellant.  Absent proof to the contrary, we will presume the court proceeded properly.

■ Appellants' second argument, relating to a lack of personal jurisdiction, also fails.  Section 714, in pertinent part, provides:

(a) The foreign judgment shall not be refused recognition for lack of personal jurisdiction if

\*    \*    \*    \*    \*    \*

(2) the defendant voluntarily appeared in the proceedings, other than for the purpose of protecting property seized or threatened with seizure in the proceedings or of contesting the jurisdiction of the court over him.

Appellant did voluntarily appear in the proceedings.  Thus, the judgment "shall not be refused recognition".

The trial court properly held that the judgment of the Circuit Court of Benton County, Arkansas, must be recognized and enforced in Oklahoma.

AFFIRMED.

HUNTER, C.J., and HANSEN, J., concur.